DOROTHY ARGUESO, Respondent, v. JULIA WEINBERG, Appellant.—Action to recover damages for personal injuries sustained in a collision between two automobiles. Appeal from judgment in plaintiff's favor in the sum of $10,164.70. Judgment reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce to $7,500 the amount of the verdict rendered in her favor; in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the verdict was excessive. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

JOHN J. BEATTY, Appellant, v. DENNIS P. HEALY, Respondent.— In this action to recover for an alleged balance due on a building contract and for extra work, the defendant interposed a counterclaim that the work was not skillfully done, but on the other hand was negligently and dishonestly performed. There was a verdict for defendant on his counterclaim, which was affirmed (246 App. Div. 734). The plaintiff then moved at Special Term for a new trial on newly-discovered evidence. Obviously this evidence was not material to the principal issue concerning the character of the work, and, if produced, would not be likely to change the result. The motion was denied. There must be a finality to litigation. Order denying motion unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.

BROOKLYN TRUST COMPANY, Respondent, v. ERNEST JESPER and TORKEL LARSEN, Appellants; LARSEN & JESPER BUILDING CO., INC., Defendant.—Action by a judgment creditor to recover a sum of money from a stockholder and director of a corporation on the theory that he received assets of the corporation which constituted an illegal distribution thereof. Judgment for the plaintiff reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The court found that the bonds and mortgages executed to the defendant Jesper were valid when executed on May 1, 1929. They could only be valid if at that time there existed a surplus equal to or greater than the amount of the mortgages. The evidence discloses that the fair value of the property was in excess of $345,000 and that the plaintiff acquiesced in a fixation of value of the property on May 1, 1929, disclosed to it in April, 1930, of $400,000. The finding, therefore, should have been that the fair valuation of the property was in excess of $345,000. The undisputed facts show that there was no bad faith in the transaction of May 1, 1929, so far as the defendant Jesper was concerned. In any event the total amount received in payment of these mortgages by Jesper was $3,800. This sum is less than the difference between the value found by the trial court and the total of unpaid debts, inclusive of capital stock as of May 1, 1929. Hence he has received no assets of the corporation, in an amount representing a distribution thereof, that can be chargeable to other than existing surplus as of May 1, 1929. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. The appeal from the intermediate order denying motion to dismiss the complaint or to require a separate stating and numbering of the causes of action is dismissed, without costs. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur. Settle order on notice.