### In re YUKON ICE CREAM CO., Inc.

### No. 39485.

District Court, E. D. New York.
Oct. 10, 1941.

Max Feinberg, of Brooklyn, N. Y., for trustee.

Bornstein & Bornstein, of Rockaway Beach, N. Y., for Cotliar and Ravdiman.

MOSCOWITZ, District Judge.

This is an application to confirm the report of the Referee.

Prior to March 21, 1939, Gittel Cotliar, Rose Ravdiman and Sam Lipitz were stockholders of the bankrupt corporation. Cotliar and Ravdiman each owned 25 shares of stock and Lipitz owned 50 shares of stock. On March 21, 1939, Lipitz paid Cotliar and Ravdiman the sum of $6,100 for their shares of stock. Terms were, $3,100 in cash and balance of $3,000 was in form of a chattel mortgage executed to Cotliar and Ravdiman upon the assets of the bankrupt.

It is conceded that the bankrupt received no money by virtue of the execution of this mortgage. Bankrupt received no benefit and its assets were depleted by this transaction.

In Re Bay Ridge Inn, Inc., 2 Cir., 98 F. 2d 85, 87 a mortgage was given by the bankrupt to three of its stockholders who owned its entire capital stock. The corporation was not a party to the contract nor did it receive any part of the consideration. In both the Bay Ridge Inn, supra, and this case, stockholders sold their shares of stock to an individual for an agreed amount. Part cash was paid and the balance was paid in each case by a chattel mortgage from the corporation.

Section 58 of the New York Stock Corporation Law, Consol.Laws, c. 59, states as follows: "No stock corporation shall declare or pay any dividend which shall impair its capital, nor while its capital is impaired, nor shall any such corporation declare or pay any dividend or make any distribution of assets to any of its stockholders, whether upon a reduction of the

number or par value of its shares or of its capital, unless the value of its assets remaining after the payment of such dividend, or after such distribution of assets, as the case may be, shall be at least equal to the aggregate amount of its debts and liabilities, including capital. In case any such dividend shall be paid, or any such distribution of assets made, the directors in whose administration the same shall have been declared or made, except those (1) who may have caused their dissent therefrom to be entered upon the minutes of the meetings of directors at the time or (2) who having been absent when such action was taken may have communicated in writing their dissent to the secretary or caused their dissent to be entered on the minutes within a reasonable time after learning of such action, or (3) who affirmatively show that they had reasonable grounds to believe, and did believe, that such dividend or distribution would not impair the capital of such corporation, shall be liable jointly and severally to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or by its creditors respectively by reason of such dividend or distribution."

The Circuit Court of Appeals in Re Bay Ridge Inn, Inc., supra, stated that "The question on which the case turns is whether Section 58 applies". After citing the case of Brooklyn Trust Company v. Jesper, 248 App.Div. 896, 290 N.Y.S. 642, the Circuit Court went on to say "Where the stockholders imposed a lien upon corporate assets for their own benefit and to secure payments on sales of their stock, they were in effect paying a secret dividend to themselves in derogation of the rights of present and future creditors and contrary to the terms of Section 58. * * * The petitioners here are seeking payment of the mortgage out of corporate assets where the corporation received no consideration therefor."

The making of the mortgage by the corporation when its capital stock is impaired will at once render the mortgage invalid as against creditors. See Brooklyn Trust Company v. Jesper, supra.

The bankrupt corporation had no part in the transaction and it is conceded that no moneys were received by the bankrupt by virtue of the execution of this second mortgage. The sole purpose served

was to give to the mortgagees security upon the sale of stock by them to Lipitz.

The bankrupt received no benefit and the assets of the bankrupt were necessarily substantially depleted by the transaction. The execution of this mortgage was invalid under Section 58 of the Stock Corporation Law.

Report confirmed. Settle order on notice.